UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MORRIS LEE MOORE,

     Plaintiff,

v.                                  Case No. 3:23cv24716-LC-HTC

CORRECTIONAL OFFICER JOHN DOE,
CORRECTIONAL OFFICER JANE DOE,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Morris Lee Moore, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to an alleged failure to protect him from inmate-on-inmate violence at Blackwater River Correctional Facility. ECF Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

## I.    Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion

thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.    Failure to Accurately Disclose Litigation History

Section VIII.C. of the Northern District of Florida's civil rights complaint form used by Plaintiff, titled "Prior Litigation," asks the following question: "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?"  ECF Doc. 1 at 11.  Plaintiff checked "yes," and identified only two cases: *Moore v. Hunter et al.*, 4:18-cv-00395-WS-MAF; and *Moore v. Dalvery*, 5:23-cv-00098-TKW-MJF.  ECF Doc. 1 at 11.  At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct."  ECF Doc. 1 at 13.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms.  Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Moore v. Drake Et Al*, 1:15-cv-00246-MP-GRJ, which related to the conditions of his confinement; to wit, he complained about his placement in

confinement in Columbia CI.[1]  Thus, Plaintiff did not truthfully identify his prior federal court cases.  This case bears Plaintiff's name and FDOC inmate number. Plaintiff did not disclose this case.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required.  Nonetheless, Plaintiff made a false representation in his complaint.  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished.  An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL

---

[1] This case was transferred to the Middle District of Florida and became *Moore v. Drake et al.*, 3:15-cv-01350, which Plaintiff also failed to disclose.

1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence.").  As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2.      That the clerk close the file.

At Pensacola, Florida, this 29th day of November, 2023.

_/s/ Hope Thai Cannon_
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.